The item of $20 is disallowed, with $10 costs to the defendants.

HAPGOODS v. BARRETT.

.(Steuben County Court. October 9, 1907.)

BILLS AND NOTES—VALIDITY—EMPLOYMENT AGENCY—ILLEGAL FEES.

Notes given to an employment agency for the procurement of a position, representing fees demanded by the agency in excess of those authorized by Laws 1904, p. 1055, c. 432, § 5, are void.

[Ed. Note.—For·cases in point, see Cent. Dig. vol. 7, Bills and Notes, § 225.]

Appeal from Justice Court.

Action by the Hapgoods against James P. Barrett. From a judgment for plaintiff, defendant appeals. Reversed.

Francis M. Cameron, for appellant.
Whiteman & Hill, for respondent.

BURRELL, J. The defendant was induced to go to the city of New York to accept a position held open for him by the plaintiff; he having formerly made application on one of the printed blanks of the plaintiff for a permanent position, to be secured for him by the plaintiff. Upon reaching the office of the plaintiff he was informed by one of the persons in charge that the position had been filled, and the defendant was kept there several days for the plaintiff to find him another position; the. plaintiff finally securing for him a temporary position, where he only worked two weeks, when the person who had formerly held the position returned and took the position again, this being the understanding and agreement under which the defendant went to work, and the evidence shows that the plaintiff understood the conditions and that the employment was temporary. Notwithstanding that, the plaintiff exacted of the defendant the sum of $30, in the form of two notes of $15 each, payable to the plaintiff, as its fee for securing said temporary position, and further required the defendant to assign his wages or salary to be received from such position to the plaintiff, with power of attorney to the plaintiff or one of its agents for the payment of the same, which assignment was attached to said notes. The defendant only worked two weeks. The notes not being paid when due, this action was brought by the plaintiff; and from the judgment obtained against him the defendant has appealed.

. It seems very conclusive, from all of the evidence in the case, that the plaintiff was an employment agency, and as such came under the provisions of chapter 432, p. 1053, of the Laws of 1904, relating to employment agencies. The evidence shows that the position secured by the plaintiff for the defendant was only temporary, yet the notes on which the judgment was obtained, and which represented the fees demanded by the plaintiff for such service on its part, were greatly

in excess of the fees provided for by section 5, c. 432, p. 1055, of the Laws of 1904, and were therefore illegal and void. Indeed, the fees thus demanded and received by the plaintiff amounted to $6 more than the defendant received for his two weeks of temporary work. The notes being given for an amount which the plaintiff was not entitled to receive under the statute for a temporary position, the plaintiff was not entitled to recover thereon, and the judgment of the court below should be reversed. This disposition makes it unnecessary to discuss the other questions raised by the appellant on the argument.

The Judgment of the Justice's Court is reversed, with costs. Ordered accordingly.